UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**ROBERT JAMES SWINT**  **PLAINTIFF**

v.  **CIVIL ACTION NO. 3:21-cv-265-BJB**

**LORD BALTIMORE COMPANY et al.**  **DEFENDANTS**

**MEMORANDUM**

  Plaintiff Robert James Swint filed a *pro se* complaint on his own paper. *See* DN 1. On June 9, 2021, the Court ordered Plaintiff within 30 days to file an amended complaint on the Court's general complaint form, prepare a summons for each Defendant, and either pay the $402 filing fee or file a non-prisoner application to proceed without prepayment of fees. *See* DN 4. The Court warned Plaintiff that the failure to comply with the Order within the time allotted could result in dismissal of the action.

  Plaintiff's deadline has passed, yet Plaintiff has failed to comply with the Court's Order or to otherwise take any action in this case. Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where the *pro so* litigant has altogether failed to pursue a case. *Id.* at 110. As the Court of Appeals has explained, "the lenient treatment of pro se litigants has limits. Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for

treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan*, 951 F.2d at 110). Courts have an inherent power, "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

The Court finds that Plaintiff's failure to comply with the Court's prior order shows a failure to pursue his case. Therefore, by separate order, the Court will dismiss this lawsuit.

Date: August 20, 2021

Benjamin Beaton, District Judge
United States District Court

cc:	Plaintiff, *pro se*
B213.009